UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROY WARE )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>VALENTINE & KEBARTIS, INC. )<br>    Defendant, )<br> ) | Civil Action No. 1:14-cv-10245 |

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.      INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Roy Ware, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

1

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

## III.     PARTIES

4.  Plaintiff, Roy Ware is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Boone County, in the state of Missouri.

5.  Defendant, Valentine & Kebartis, Inc. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Essex County, in the state of Massachusetts.

6.  Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

8. Sometime before January 29, 2014, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to January 29, 2014; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Within one year prior to the filing of this complaint, in November of 2013, Defendant spoke to Plaintiff about possibly coming to an agreement regarding his alleged debt.  Plaintiff told Defendant that he would speak to them again on the following Wednesday, November 27, 2013, to let them know his decision, after reviewing the written draft agreements Defendant promised to send him.  Defendant emailed him the documents that Monday, November 25, 2013, yet proceeded to call Plaintiff on both his cell phone and while he worked, knowing that this would harass and/or annoy Plaintiff, who had already told Defendant that he would contact them on the coming Wednesday. Upon getting yet another call from Defendant on the aforementioned Wednesday, November 27, 2013, Plaintiff, frustrated, sent an email to Defendant expressing that he did not want Defendant to call him at all going forward, and that he knew that in prior conversations with Defendant, that Defendant had lied to him.  Defendant had made the prior false statements to Plaintiff regarding it having never spoken to the student loan consultant who Plaintiff had hired to assist Plaintiff in resolving the issues regarding his student loan debt.  Despite having received this email from Plaintiff, Defendant continued to call Plaintiff on his cell phone, multiple times, during December of 2013, knowing that such conduct would harass and/or annoy Plaintiff.  These were "communications", as defined by 15 U.S.C. § 1692a(2), and in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(a)(1), §1692d, §1692e, §1692e(5), §1692e(10), and §1692f.

**SUMMARY**

13. All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant Valentine & Kebartis, Inc. were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein, and some of their communications to Plaintiff also invaded Plaintiff's privacy by intruding upon his seclusion.

14. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, and it also was violation of his privacy, by intrusion upon his seclusion.

15. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by this Defendant.

16. Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of emotional distress, frustration, upset, amongst other negative emotions.

17. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

### RESPONDEAT SUPERIOR LIABILITY

18. The acts or omissions of this Defendant, and the other debt collectors employed as agents by Defendant Valentine & Kebartis, Inc. who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Valentine & Kebartis, Inc.

19. The acts and omissions by this Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Valentine & Kebartis, Inc. in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, this Defendant and these other debt collectors were motivated to benefit their principal, Defendant Valentine & Kebartis, Inc.

21. Defendant Valentine & Kebartis, Inc. is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, and the invasion of Plaintiff's

privacy by intrusion upon his seclusion, in their attempts to collect this debt by communicating with Plaintiff.

## V.     CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

22. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

26. Plaintiff Roy Ware repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

28. In enacting the FDCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Plaintiff, and to place restrictions on unconsented telephone calls that are not for emergency purposes that are placed to individuals' cell phones and workplace's phones for commercial purposes, and by imposing obligations upon debt collectors, such as Defendant, to not continue to place any calls to a consumer, who has told a debt collector such as Defendant not to call and/or that such calls would inconvenience them and/or are prohibited by the consumer's employer, in violation of FCC regulations.

29. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial

data for a broad range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

30. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully continuing to attempt to collect an alleged debt from Plaintiff, and thereby invaded Plaintiff's privacy.

31. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully continuing to contact him on his cell phone and his workplace's phone without invitation and/or his express consent, or it being for emergency purposes, after he gave it reason to know this would be unacceptable or that such conduct would harass and/or annoy him, and thereby invaded Plaintiff's right to privacy.

32. Defendant and/or its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of trying to collect on the alleged debt and coerce Plaintiff to pay on it, which amounted to conduct to

intentionally and maliciously harass, inconvenience, bother, frustrate, agitate, aggravate, and annoy Plaintiff, thereby invading and intruding upon Plaintiff's right to privacy.

33. Upon information and belief, Defendant and its agents had knowledge of the FDCPA and what is lawful action under it prior to calling Plaintiff, yet they continued to contact him in an illegal manner.

34. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

35. The conduct of this Defendant and its agents, in engaging in the above-described illegal debt collection conduct against Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

36. All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

37. As a result of such an intrusion and invasion of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

38. All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and for the invasion of plaintiff's privacy by intrusion upon seclusion; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:   January 30, 2014 | RESPECTFULLY SUBMITTED,<br>By: /s/ Kevin Crick<br>Kevin Crick, Esq.<br>BBO:  680950<br>Consumer Rights Law Firm, PLLC<br>231 Sutton St., Suite 1A<br>North Andover, Massachusetts 01845<br>Phone: (978) 420-4747<br>Fax: (978) 409-1486<br>kevinc@consumerlawfirmcenter.com<br>**Attorney for Plaintiff** |

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Roy Ware demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.